IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

KINGRALE COLLINS                                                            PETITIONER
ADC #102818

v.                                   2:25-cv-00195-DPM-JJV

STATE OF ARKANSAS                                                         RESPONDENT

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

### DISPOSITION

**I.     BACKGROUND**

Petitioner Kingrale Collins, an inmate at the East Arkansas Maximum Unit of the Arkansas Division of Correction, was convicted of capital murder after a 1997 jury trial in the Circuit Court of Cross County, Arkansas. *See Collins v. State of Arkansas*, 338 Ark. 1, 991 S.W.2d 541 (1999). He was originally sentenced to death, and the Arkansas Supreme Court affirmed the conviction and sentence on direct appeal. *Id*. Mr. Collins pursued post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37.5; the circuit court denied his petition. *See Collins v. State of Arkansas*, 365 Ark. 411, 231 S.W.3d 717 (2006). The Arkansas Supreme Court reversed, finding

there had been a breakdown in the Rule 37 proceedings and remanding for appointment of Rule 37.5 qualified counsel and for the filing of a compliant Rule 37.5 petition.  *Id*.  On remand, by agreement of the parties, Mr. Collins's death sentence was vacated, and he was resentenced to life imprisonment without the possibility of parole.  *See State of Arkansas v. Kingrale Collins*, No. 19CR-96-99, http://caseinfo.arcourts.gov.

In 2015, Mr. Collins filed in this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to have his sentence reduced or vacated.  *Collins v. State of Arkansas*, No. 5:15-cv-00124-DPM (E.D. Ark. 2015).  The petition was dismissed with prejudice on the basis that it was barred by the statute of limitations, and no certificate of appealability was issued.  *Id*.

In the years since, Mr. Collins has continued to seek habeas relief in this Court.  He filed a § 2254 petition in 2016 that was dismissed without prejudice for lack of jurisdiction, as it was a second or successive petition without the required authorization from the United States Court of Appeals for the Eighth Circuit.  *Collins v. Lay et al.*, No. 5:16-cv-00295-DPM (E.D. Ark. 2016).  Another petition, filed earlier this year, was dismissed without prejudice for the same reason.  *Collins v. Ball et al.*, No. 2:25-cv-00120-DPM (E.D. Ark. 2025).[1]

In the case now before the Court, Mr. Collins has filed a document labeled "Petition for Reduction of Sentence Pursuant to Ark. Code Ann. § 16-90-111." (Doc. No. 1.)  He asks that his sentence be reduced or vacated on the ground that a firearms examiner who testified at trial found no latent fingerprints "suitable for development." (*Id*. at 2.)  This Petition has been docketed as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241; however, because Mr. Collins is in

---

[1] Mr. Collins also filed a § 2254 petition in 2023; it was dismissed without prejudice for failure to pay the filing fee or move for *in forma pauperis* status.  *Collins v. Shipman et al.*, No. 4:23-cv-01123-DPM (E.D. Ark. 2023).

custody pursuant to the judgment of a state court and is challenging that custody, the Petition should be characterized as one under § 2254. I recommend the docket be amended accordingly.

I have conducted a preliminary review of Mr. Collins's Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, I recommend the Petition be dismissed without prejudice.[2]

## II.     ANALYSIS

In accordance with 28 U.S.C. § 2244(b)(3), petitioners who have previously filed a federal habeas petition must first obtain authorization from the appropriate federal court of appeals before filing a second or successive habeas petition. *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011). Without an order from the court of appeals authorizing the filing of a successive petition, the district court lacks jurisdiction to hear the petition. *Burton v. Stewart,* 549 U.S. 147, 152-53, 157 (2007). A court of appeals may authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. 28 U.S.C. § 2244(b)(3)(C). Specifically, claims asserted in a second or successive habeas petition that were not alleged in a previously filed habeas petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

---

[2] In addition to the instant Petition, Mr. Collins has simultaneously filed similar petitions in three other cases: 2:25-cv-00196-KGB-JTK; 2:25-cv-00197-DPM; and 2:25-cv-00198-DPM.

*Id*. at § 2244(b)(2). Claims asserted in a second or successive habeas petition that were presented in a prior petition must be dismissed. *Id*. at § 2244(b)(1).

The language of § 2244(b) is binding, and prior authorization to file a second or successive habeas petition is an absolute requisite to this Court's authority to consider a petition. 28 U.S.C. § 2244(b)(3); *see also Williams*, 658 F.3d at 853 ("A 'second or successive' habeas petition requires authorization from a federal court of appeals prior to filing."). Section 2244(b)(3)(A) "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition" until the court of appeals has granted the petitioner permission to file one. *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). Because Mr. Collins did not obtain authorization from the United States Court of Appeals for the Eighth Circuit prior to filing the instant Petition, jurisdiction is lacking.

If Mr. Collins wishes to pursue relief, he must first obtain permission from the Eighth Circuit to file a successive petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005) (emphasis added) (the court of appeals must determine that a successive petition meets § 2244(b)(2)'s new-rule or actual-innocence provisions *before* the district court may accept it for filing). At present, this Court simply does not have jurisdiction over Mr. Collins's claim. His Petition should be dismissed without prejudice so he may refile should the Eighth Circuit grant him permission to proceed.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). I

find no issue on which Mr. Collins has made a substantial showing of the denial of a constitutional right. Accordingly, no certificate of appealability should issue.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Mr. Collins's Petition for Writ of Habeas Corpus (Doc. No. 1) be classified as one pursuant to 28 U.S.C. § 2254.

2. Mr. Collins's Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED without prejudice and the requested relief be DENIED.

3. No certificate of appealability be issued.

DATED this 6th day of November 2025.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE